[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this Revised Amended Petition for a writ of habeas corpus alleging in the first count that his criminal trial attorney, Frank J. Riccio, was ineffective in assisting him in that he (1) failed to adequately investigate the facts and witnesses of the State's case and the petitioner's defenses;. (2) failed to adequately cross-examine the State's witnesses as to bias, motive and accuracy; and (3) failed to object to highly prejudicial evidence of alleged prior uncharged misconduct of the petitioner; and in the second count that Riccio failed to preserve the petitioner's right for sentence review.
The petitioner's arrest arose from an incident on January 24, 1990 about 1:15 p. m. in which two black males entered a Connecticut National Bank branch at 1334 Main Street in Stratford and committed a robbery from a teller, Patricia Baptist. Baptist was shown a number of photos at the Stratford police station on that same day but was unable to identify anyone. On January 31, 1990 she was shown an array of photographs from which she identified the defendant and one Edward Singer as the men who robbed her.
The petitioner called himself and his criminal trial attorney as his only witnesses.
Riccio testified that he represented the petitioner in the Stratford cases, both robberies, one of the bank and the other of a card shop in 1990 and 1991. He also had a charge of robbing a West Haven bank. Both the card shop and West Haven cases were CT Page 4066 tried before the Stratford bank case. He was found not guilty in the card shop case and guilty in the West Haven case. He recalled the petitioner suggesting an alibi defense and he sent his investigator, a former police officer, Lt. John Semper, to interview. He recalled a report of an interview of Brunetti, a supervisor at the school attended by the nephew of the petitioner. However, the time period on which the petitioner might have been at the school did not equate with the 1:30 p. m. robbery. Riccio felt it was going to be a misidentification case because the teller had described the shorter of the two black males as having pockmarks which the petitioner did not have. He believed that the bank supervisor from the West Haven case would not be believed because she had a lousy attitude and a nasty disposition. There was no physical evidence.
The petitioner testified that his mother and sister were available to testify as alibi witnesses. He had been at his mother's for her birthday before going to his sister's at 1:00 p. m. He watched television there. He took his nephew to school at 8:30 in the morning and he was going to pick him up in the afternoon. His mother died four years ago and his sister died two years ago.
Riccio did investigate the alibi evidence presented to him by the petitioner and determined that that which was given to him about being at his nephew's school would not he for the time period of the robbery.
The petitioner's mother did testify in the West Haven bank case allegedly as an alibi witness but her testimony was that the petitioner came by her house between 6:00 p. m. and 8:00 p. m. on her birthday with Mr. Torres. Torres testified that earlier in the day of the petitioner's mother's birthday, January 24, 1990, that he had baked a cake and that when the petitioner came by about 3:00 p. m. they took it over to the petitioner's mother. SeePetitioner's Exhibit 4. His sister, Denise, also testified and although her testimony placed the petitioner at her house from 1:00 p. m. to 2:30 p. m. on the 24th, cross-examination left her testimony lacking in credit. See Petitioner's Exhibit 4.
Charlene Harris, secretary at the Martin Luther King School where LeRoy Reddick was enrolled, testified in the West Haven bank case, that LeRoy was absent from school on January 24, 1990 and that his uncle came in about 9:30 a.m. to see his teacher, Margaret Thomas. Margaret Thomas testified that she was LeRoy's CT Page 4067 teacher and that he was absent from school frequently and that she had seen a person identified as his uncle, Michael Reddick, bring him to school about 8:30 a.m. but has no record of January 24, 1990. See Petitioner's Exhibit 4.
The petitioner did not proffer in evidence in this case what other witnesses he wanted Riccio to call.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995). Strickland v. Washington,446 U.S. 668, 694. The petitioner has failed to prove how the result would be different. Baptist, several days after the robbery, on January 31, 1990, picked the defendant's photograph from an array as the shorter of the robbers and picked Edward Singer as the taller of the two. Brunilda Lopez, as to the robbery one hour later in West haven, made the same selection of the defendant being the shorter of the two black robbers. Both identified the petitioner in court. Baptist identified him as one of the perpetrators of the robbery of the instant Stratford robbery and Lopez as the perpetrator of the West Haven bank robbery, evidence offered as relevant to the issue of identification by the commission of other crimes of a system of common criminal activity. See State v. Reddick, 33 Conn. App. 311, 328, cert. den. 228 Conn. 924 (1994)
He has also failed to prove counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum,211 Conn. 352, 358. Counsel determined from the West Haven case that the alibi witnesses were not helpful and distracted from weak identification evidence. Baptist was unable to identify the petitioner in court during the West Haven case trial and had given a description that he had acne scars on his face which was pockmarked. Neither Lopez nor Baptist had observed a scar he did have over his eye. Lopez described him as stocky which she had not given in her original verbal description. Counsel extensively cross-examined both witnesses on these inconsistencies as demonstrated from the transcripts. Petitioner's Exhibits 1 and 2.
As to count two, Riccio admitted that the petitioner's right to sentence review had not been properly preserved. He believed that it had been requested but had been stayed until after the appeal was accomplished but then never pursued. CT Page 4068
For the above reasons the court denies the petition as to the relief requested in the first count and grants the relief requested in the second count, the reinstatement of the petitioner's right to sentence review.
Thomas H. Corrigan, Judge Trial Referee